# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Royal Lee Gibson, ) | C/A No. 0:10-1988-CMC |
| Plaintiff, ) | |
| v. ) | **ORDER GRANTING PETITION** |
| Carolyn W. Colvin, ) | **FOR ATTORNEY'S FEES** |
| Acting Commissioner of Social Security,[1] ) | |
| Defendant. ) | |

On February 6, 2013, Plaintiff's attorney filed a petition for attorney's fees pursuant to 42 U.S.C. § 406(b)(1) and Local Rule 83.VII.07. Dkt. No. 32. Counsel seeks an award of $16,015.00. *Id.* The Commissioner did not file a response to the request for attorney's fees and the deadline for filing a response has passed.

In reviewing the petition in light of the factors to be considered in awarding attorney's fees in a social security case, the court finds that an award of $16,015.00 is reasonable. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) ("[Section] 406(b) calls for court review of [contingency fee agreements] as an independent check, to assure that they yield reasonable results in a particular case"). The fees are sought pursuant to a contingency fee agreement through which Plaintiff agreed to an attorney fee of 25 percent of any past-due benefits.[2] This percentage is the maximum allowed by Section 406(b).

---

[1] Carolyn W. Colvin is substituted as the Defendant in this action because she became the Acting Commissioner of Social Security on February 14, 2013. As provided in the Social Security Act, "[a]ny action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office." 42 U.S.C. § 405(g).

[2] Plaintiff was awarded $64,060.00 in back Title II benefits. Dkt. No. 32-1 at 1. Plaintiff's counsel seeks 25% of this award, or $16,015.00. *Id.*

Plaintiff was previously awarded attorney's fees under the Equal Access to Justice Act ("EAJA"). Dkt. No. 29. The court orders that Plaintiff's counsel be awarded $16,015.00 and directs counsel to refund to Plaintiff the amount of attorney's fees received under the EAJA within seven calendar days of receipt of this award.[3]  *Id.* at 796 ("Fee awards may be made under both [EAJA and § 406 (b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee . . .").

**IT IS SO ORDERED.**

S/ Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina  
April 1, 2013

---

[3] The court awarded Plaintiff $4,800.00 in attorney's fees, $23.00 in expenses, and $7.00 in costs. Dkt. No. 31.